UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANI YADAV-RANJAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NATIONSTAR MORTGAGE, LLC, et al.,<br><br>　　　　Defendants. | Case No. 17-cv-03939 NC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO DISMISS WITH LEAVE TO AMEND**<br><br>Re: Dkt. Nos. 72, 76 |

In this mortgage foreclosure case, defendants JP Morgan Chase Bank, N.A., Rushmore Loan Management Services, LLC, and Wilmington Fund Society, FSB move to dismiss plaintiff Rani Yadav-Ranjan's first amended complaint. Defendant Nationstar Mortgage LLC does not join in the motions. For the reasons stated below, the Court GRANTS IN PART and DENIES IN PART defendants' motions to dismiss.

**I.　BACKGROUND**

Yadav-Ranjan purchased the home at issue in this case in 2007 by borrowing $2,240,000 from the now-defunct Washington Mutual. Dkt. No. 68 at 1. After Washington Mutual was taken over by the FDIC, the FDIC sold the loan and servicing right to Chase. *Id*. at 2. After May 1, 2013, and in "the middle of 2013," Chase sold the servicing rights to Nationstar. *Id*. Around that same time, Chase allegedly sold the underlying note and deed of trust to Wilmington, and the servicing rights to Rushmore. *Id*. Thus, according to Yadav-Ranjan, Chase sold the same servicing rights twice. *Id*. at 3.

Case No. 17-cv-03939 NC

Nationstar retained non-party Quality Loan Service Corporation as a "security enforcer." *Id*.

During the first five years of her loan, Yadav-Ranjan admits she missed a few payments. *Id*. at 5. Yadav-Ranjan asserts she paid $137,035.53 to Chase on November 5, 2010, to pay missed payments and decrease the principal owed. *Id*. Yadav-Ranjan also asserts Chase took her money, but refused to credit her for the money paid, instead crediting Yadav-Ranjan for $70,000.00 of the $137,035.53, and putting the rest in a "suspense account." *Id*. Yadav-Ranjan alleges she sought a loan modification from Chase after it "unilaterally demanded monthly payments of $24,583.54 - - instead of the payments called for in the original TILA statement and deed of trust." *Id*. at 6. To avoid losing her home, Yadav-Ranjan alleges she signed the loan modification that Chase "demanded," which was effective May 1, 2013, and was in Chase's favor. *Id*. Moreover, Yadav-Ranjan alleges that "Chase modified the Principal from its proper sum as of May 1, 2013 (approximately $2,200,000) to a grossly inflated sum of $2,923,742.72." *Id*. at 7.

Sometime in 2014, Yadav-Ranjan alleges that she attempted to secure a loan modification from Nationstar. *Id*. Yadav-Ranjan alleges that Nationstar refused to consider the application, and instead generated "countless requests for duplicative and additional information and generally fly specked the loan modification application to death." *Id*. at 8. Nationstar allegedly failed to designate a single point of contact. *Id*. At the same time that Yadav-Ranjan attempted to apply for a loan modification, she alleges Nationstar recorded a Notice of Trustee's Sale, and instructed Quality to postpone the sale and to sell the subject property without "real" notice to her. *Id*. Per Yadav-Ranjan, Nationstar neither approved nor denied her loan modification application. *Id*. at 9. The Trustee's Sale occurred on December 28, 2016, and the Trustee's Deed Upon Sale was recorded on January 17, 2017. *Id*. at 9. Wilmington was the buyer. *Id*. at 21. Lastly, Yadav-Ranjan alleges Nationstar "and/or" Rushmore and Wilmington "rigged" the Trustee's Sale through their "arbitrary postponements" of the sale. *Id*. at 9.

Yadav-Ranjan filed this case in California Superior Court, and Wilmington and

Case No. 17-cv-03939 NC      2

Rushmore removed it on July 12, 2017. Dkt. Nos. 1, 2. In the operative complaint, Yadav-Ranjan brings claims for: (1) breach of contract, (2) breach of the Homeowner Bill of Rights, (3) fraud and deceit, (4) bid rigging, (5) violation of the Fair Debt Collection Practices Act, (6) violation of the Equal Credit Opportunity Act, (7) violation of the Real Estate Settlement Procedures Act, (8) cancellation and quiet title, and (9) slander of title. Dkt. No. 68. Chase, Rushmore, and Wilmington[1] move to dismiss the complaint.[2] Dkt. Nos. 73, 78. All parties consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c). Dkt. Nos. 5, 16, 22, 26.

## II. LEGAL STANDARD

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). On a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the non-movant. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The Court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not allege detailed factual allegations, it must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

If a court grants a motion to dismiss, leave to amend should be granted unless the

---

[1] Yadav-Ranjan lumps Rushmore and Wilmington into one entity in her allegations. Dkt. No. 68 at 2.
[2] Both Wilmington and Rushmore, as well as Chase filed requests for judicial notice of the chain of title on the property. Dkt. Nos. 74, 77. Yadav-Ranjan objects to judicial notice of these documents to the extent that defendants use the purportedly noticeable documents to prove that she was in default on her mortgage. *See* Dkt. No. 83 at 15. The Court agrees with Yadav-Ranjan that the chain of title does not prove that she was in default, rather, the documents show that the notices were recorded. Because the Court did not find it necessary to consider these documents, the requests are DENIED WITHOUT PREJUDICE.

Case No. 17-cv-03939 NC  3

1 pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

**III. DISCUSSION**

Before jumping into the merits of the motions, the Court finds it necessary to make the following observations. The First Amended Complaint lacks clarity, and it appears that Yadav-Ranjan seeks to hold all defendants liable for everything in every claim. The Court does not address all of Yadav-Ranjan's factual allegations. Moreover, from the cursory nature of a number of the claims, the Court is uncertain that certain claims allege actionable conduct. This lack of precision does not help Yadav-Ranjan, defendants, the Court, or the justice system. The Court directs Yadav-Ranjan to Federal Rule of Civil Procedure 8(a)(2), which requires a pleading be "a short and plain statement of the claim showing that the pleader is entitled to relief." This should be her guiding principle.

**A. The Tender Rule Does Not Bar Yadav-Ranjan's Claims.**

Chase argues that all of Yadav-Ranjan's claims are barred by the tender rule, meaning that because she has not tendered the full amount due on the loan, she cannot set aside the trustee's sale. Dkt. No. 73 at 12. Yet "[r]ecognized exceptions to the tender rule include when: (1) the underlying debt is void, (2) the foreclosure sale or trustee's deed is void on its face, (3) a counterclaim offsets the amount due, (4) specific circumstances make it inequitable to enforce the debt against the party challenging the sale, or (5) the foreclosure sale has not yet occurred." *Chavez v. Indymac Mortg. Servs.*, 219 Cal. App. 4th 1052, 1062 (2013) (citation omitted). Here, Yadav-Ranjan challenges application of the tender rule on several grounds: because the balance due is disputed, the lender allegedly engaged in inequitable conduct, the security enforcer lacked authority to proceed with the trustee's sale, and on equitable grounds. Dkt. No. 82 at 19-23. These assertions are sufficient for purposes of this order.

**B. The Breach of Contract Claim is Dismissed.**

First, Yadav-Ranjan brings a breach of contract claim against all defendants. Dkt. No. 68 at 10. Chase moves to dismiss this claim as time-barred; Rushmore and

Case No. 17-cv-03939 NC 4

Wilmington challenge this claim on the merits.

Under California law, the elements of breach of contract are: "(1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff." *Reichert v. Gen. Ins. Co. of Am.*, 68 Cal. 2d 822, 830 (1968).

Yadav-Ranjan alleges the defendants "breached the contract"—presumably the deed of trust—"by increasing the principal due during the first 5 years - - despite the fact that Ranjan made payments in excess of those required according to the TILA statement which accurately summarized the payments due." Dkt. No. 68 at 10. By the "first 5 years," Yadav-Ranjan is referring to the period between 2007 and 2012. Notwithstanding the insufficiency of the allegations under *Riechert*, these allegations raise the issue of whether this claim is time-barred.

A breach of contract claim on a written contract has a four year statute of limitations. Cal. Civ. Proc. Code § 337(1). Because the breach of contract claim would otherwise be rejected as time-barred, Yadav-Ranjan instead argues that her efforts to "mitigate damages" tolls the statute of limitations. Dkt. No. 82 at 13. Yadav-Ranjan cites no law supporting her contention that the Court should toll the statute on this ground. Thus, the Court rejects this argument, and the breach of contract claim based on the alleged raising of Yadav-Ranjan's monthly payments as alleged against all defendants is DISMISSED WITH PREJUDICE.

Yadav-Ranjan also alleges defendants breached the contract by "wrongfully instructing Quality to record a Notice of Default, Notice of Trustee['s] Sale, and failing to provide Ranjan the benefit of the provisions of the FNMA servicing guidelines and provisions of the National Housing Act incorporated by reference." *Id*. at 10-11. The Court is at a loss as to how these allegations constitute a breach of contract claim. First of all, how would Wilmington, who bought the home in 2016 through the trustee's sale be in any way responsible for recording a Notice of Default, Notice of Trustee's Sale, or for "failing to provide Ranjan the benefit of the provisions of the FNMA servicing guidelines

Case No. 17-cv-03939 NC 5

1  and provisions of the National Housing Act"? *Id*. at 10-11. Furthermore, simply calling
2  conduct "wrongful" does not make it so if a plaintiff does not also explain *how* it breached
3  a contract. Likewise, Yadav-Ranjan cannot bring a claim for breach of contract when,
4  even accepting as true her allegation that "defendants" were in breach of the mortgage—
5  she too was in breach because of her default. The breach of contract claim on the basis of
6  these allegations is DISMISSED WITH LEAVE TO AMEND.

Lastly, Yadav-Ranjan alleges the defendants breached the contract by "refus[ing] to make any good faith effort to allow Ranjan to retain her home." Dkt. No. 68 at 11. Yadav-Ranjan points to no oral or written contract requiring "defendants" to make such an vaguely-described effort. The breach of contract claim on this ground is DISMISSED WITH PREJUDICE as to all defendants.

### C. Homeowner Bill of Rights

Second, Yadav-Ranjan brings a claim for violations of the California Homeowner Bill of Rights against all defendants. Dkt. No. 68 at 12. Yadav-Ranjan alleges that servicers Nationstar and "Rushmore/Wilmington" failed to provide her with a single point of contact and engaged in dual tracking. *Id*. Defendants move to dismiss this claim.

#### 1. Yadav-Ranjan States a Claim Under Cal. Civil Code § 2923.7.

Yadav-Ranjan's claim regarding not being appointed a single point of contact survives as to the alleged servicers, Nationstar and "Rushmore/Wilmington." California Civil Code § 2923.7(a) provides that a servicer, upon request by the borrower for a foreclosure prevention alternative, must establish a single point of contact for the borrower. Subsection (c) requires the contact "remain assigned to the borrower's account until" the servicer determines all loss mitigation options offered "by, or through" the servicer are exhausted, or the borrower's account becomes current. Cal. Civ. Code § 2923.(c). Yadav-Ranjan's *servicer* was required to appoint a single point of contact when she requested a foreclosure alternative in 2014, namely a loan modification. Dkt. No. 68 at 7-8; *Green v. Cent. Mortg. Co.*, 148 F. Supp. 3d 852, 874 (N.D. Cal. 2015). This claim is DISMISSED WITH PREJUDICE as to Chase, a non-servicing entity. As to

Case No. 17-cv-03939 NC    6

Wilmington and Rushmore, the motion is DENIED.

### 2. The Cal. Civil Code § 2923.18 Claim is Dismissed.[3]

Yadav-Ranjan's dual tracking claim does not survive. She alleges that "Chase, Nationstar and Rushmore/Wilmington also wrongfully engaged in dual tracking by promising to reasonably consider the completed loan modification packages submitted by Ranjan, while continuing with the non judicial trustee sale process." Dkt. No. 68 at 12. At first blush, it appears Yadav-Ranjan states a dual tracking claim under Cal. Civil Code § 2923.18. However, a different section, Civil Code § 2923.6(g) suggests she cannot state such a claim. Yadav-Ranjan does not dispute that she was approved for, and signed, a loan modification that became effective May 1, 2013. Dkt. No. 68 at 6. That she now claims the loan modification was to her detriment alters nothing. *Id*.

Section 2923.6(g) provides:

> In order to minimize the risk of borrowers submitting multiple applications for first lien loan modifications for the purpose of delay, the mortgage servicer shall not be obligated to evaluate applications from borrowers who have already been evaluated or afforded a fair opportunity to be evaluated for a first lien loan modification prior to January 1, 2013, or who have been evaluated or afforded a fair opportunity to be evaluated consistent with the requirements of this section, unless there has been a material change in the borrower's financial

---

[3] California Civil Code § 2923.6 was amended. The amendment took effect on January 1, 2018. *See* Cal. Civ. Code § 2923.6. The relevant language quoted in this case was removed from the statute. The Court must consider whether the amendment has a retroactive effect on this case. Under California law, there is a two-step analysis to determine if an amended statute should apply to actions that occurred before its enactment. *McClung v. Employment Dev. Dep't*, 34 Cal. 4th 467, 471-72 (2004). First, courts consider if the amendment changes or merely clarifies the law. *Id*. If the amendment merely clarifies existing law, it is not retroactive "because the true meaning of the statute remains the same." *Id*. (quoting *Western Sec. Bank v. Superior Court*, 15 Cal. 4th 232, 243 (1997)). "Second, if the amendment changes the law, then courts must assess whether the change operates retroactively or has a 'retroactive effect' by hindering rights that a party obtained before the amendment's enactment." *Johnson v. Hewlett-Packard Co.*, No. 09-cv-03596 CRB, 2014 WL 988824, at *3 (N.D. Cal. Mar. 10, 2014) (quoting *McClung*, 34 Cal. 4th at 472). There is a strong presumption against retroactivity. *McClung*, 34 Cal. 4th at 475. The Court finds that at the first step, § 2923.6 was modified, not merely clarified. At step 2, the Court does not find that the strong presumption against retroactivity is overcome. Considering that neither party brought up the change to § 2923.6 as a factor in their papers, and the fact that applying § 2923.6 retroactively would *increase* the servicer defendants' liability, the Court does not consider retroactive application of the amended statute appropriate.

Case No. 17-cv-03939 NC 7

> circumstances since the date of the borrower's previous application and that change is documented by the borrower and submitted to the mortgage servicer.

Yadav-Ranjan was previously approved for a loan modification, and she alleges no facts of a "material change" in her financial circumstances. Cal. Civ. Code § 2923.6(g). In Yadav-Ranjan's opposition to Wilmington and Rushmore's motion to dismiss, she seeks to add additional facts that Chase only offered Yadav-Ranjan a trial modification. Dkt. No. 83 at 11. The timing of when this occurred is not clear. In any event, an opposition is not the place to add facts that belong in a complaint. The Court will not consider the new facts alleged in the opposition. *Schneider v. California Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("new" allegations contained in an opposition are irrelevant for Rule 12(b)(6) purposes, and a court may not consider them). The claim for dual tracking is DISMISSED WITH LEAVE TO AMEND.

### D. The Fraud and Deceit Claim is Dismissed.

Third, Yadav-Ranjan brings a fraud and deceit claim against "Chase and its assignees and servicers." Dkt. No. 68 at 12. It appears, however, that this claim is against all defendants, because Chase is the only defendant that Yadav-Ranjan does not label as a servicer at some point in her pleadings. Chase, Wilmington, and Rushmore move to dismiss this claim.

The elements of fraud are: "(a) a misrepresentation (false representation, concealment, or nondisclosure); (b) scienter or knowledge of its falsity; (c) intent to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Hinesley v. Oakshade Town Ctr.*, 135 Cal. App. 4th 289, 294 (2005) (quoting *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996)). Yadav-Ranjan also seems to attempt to state a claim for fraud by omission. A fraud by omission claim requires showing: "(1) the concealment or suppression of material fact, (2) a duty to disclose the fact to the plaintiff, (3) intentional concealment with intent to defraud, (4) justifiable reliance, and (5) resulting damages." *Mui Ho v. Toyota Motor Corp.*, 931 F. Supp. 2d 987, 999 (N.D. Cal. 2013) (citing *SCC Acquisitions Inc. v. Cent. Pac. Bank*, 207 Cal. App. 4th 859, 864 (2012)). When pleading fraud in federal courts, "a

Case No. 17-cv-03939 NC    8

party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)).

The overarching problem with Yadav-Ranjan's fraud claim under either theory is that she fails to allege that she justifiably relied on some misrepresentation by defendants. Yadav-Ranjan alleges Chase failed to credit her for payments and that it hid money in "suspense accounts" and deceived her by "denying her the protections of the National Housing Act." Dkt. No. 68 at 13-14. Yadav-Ranjan does not, however, dispute that putting money in a suspense account was explicitly permitted in the deed of trust. In addition, Yadav-Ranjan's allegation that she "made payments as required by the TILA statement" is directly contradicted by her earlier statement that she admits to missing payments. Dkt. No. 68 at 5, 13. Even assuming Chase did not credit her payments, Yadav-Ranjan was put on notice when Chase recorded a Notice of Default. Under the theory of omission, moreover, Yadav-Ranjan must plead that the defendants had a duty to disclose the purportedly omitted information to her. *Mui Ho*, 931 F. Supp. 2d at 999. She has not done so. Yadav-Ranjan's allegations are insufficient. The Court is also concerned that these claims are time-barred, because Yadav-Ranjan does not specify in her complaint when the alleged misrepresentations through omission occurred. Lastly, Yadav-Ranjan's conclusory allegation that "Nationstar and its assignees continued this course of deceitful and fraudulent conduct," by refusing "to reverse the terms of the fraudulently inflated loan," fails to state a fraud claim. Dkt. No. 68 at 14. There is no allegation of reliance, concealment, or damages. Yadav-Ranjan's fraud and deceit claim is DISMISSED WITH LEAVE TO AMEND.

### E. The "Bid-Rigging" Claim is Dismissed.

Fourth, Yadav-Ranjan brings a "bid-rigging" claim against all defendants. Dkt. No. 68 at 14. She alleges defendants sold the home using a "stale" Notice of Default, and that they "unilaterally and arbitrarily postponed the trustee sale." *Id*. at 15. Yadav-Ranjan

Case No. 17-cv-03939 NC 9

does not specify what statute "bid-rigging" violates. Defendants move to dismiss.

According to Yadav-Ranjan's opposition to Chase's motion, the statutory hook for the "bid-rigging" claim is California Civil Code § 2924h(g)(2), which makes it unlawful for a person "to fix or restrain bidding in any manner, at a sale of property conducted pursuant to a power of sale in a deed of trust or mortgage." The purpose of this subsection is "to protect property owners in default by ensuring fair and open bidding and the benefits of competition." *Lo v. Jensen*, 88 Cal. App. 4th 1093, 1095 (2001). In addition, Civil Code § 2924(a)(5) requires that when a sale is postponed for at least 10 days under § 2924g, "a mortgagee, beneficiary, or authorized agent shall provide written notice to a borrower regarding the new sale date and time, within five business days following the postponement."

In essence, Yadav-Ranjan claims defendants moved the date of the sale so she would not know when the auction occurred. Yet Yadav-Ranjan never stated that the trustee's sale was postponed for more than ten days. However, the Court does infer from Yadav-Ranjan's statement that she "never knew when to actually bring her money to the courthouse steps," that she was never given notice of a postponement under § 2924(a)(5). Thus, the Court does not have sufficient information to find that Yadav-Ranjan states a claim under § 2924h(g).

As to Yadav-Ranjan's other factual allegations, she is under the misapprehension that the trustee's sale should not be postponed unless the borrower requests such a delay. She provided no support for that statement. In addition, she claims that defendant "proceeded to sale on a stale notice of default." Dkt. No. 68 at 15. The notice of default was not stale. As Rushmore and Wilmington correctly point out, it is only notices of sale that have to be reissued every 365 days. Dkt. No. 78 at 13 (citing Cal. Civ. Code § 22924g(c)(2)). Though Yadav-Ranjan brings the "bid-rigging" claim against all defendants, the Court is at a loss as to what, if any, Chase had to do with the foreclosure process. Nationstar, Wilmington, and Rushmore as servicers and bidders at the auction would potentially be implicated in this claim, but Chase does not appear to have had

Case No. 17-cv-03939 NC 10

anything to do with the 2016 sale of Yadav-Ranjan's home. According to Yadav-Ranjan's complaint, she sold the loan and gave the servicing rights to other entities in 2013 and 2014. Dkt. No. 68 at 7. Yadav-Ranjan must amend the "bid-rigging" claim to either address how Chase is implicated or remove it as a defendant in this claim.

The "bid-rigging" claim is DISMISSED WITH LEAVE TO AMEND consistent with this order.

### F. The Fair Debt Collection Practices Act Claim is Dismissed.

Fifth, Yadav-Ranjan brings a FDCPA claim against all defendants. Dkt. No. 68 at 15. She alleges that Quality is a "security enforcer" under 15 U.S.C. § 1692f(6). *Id*. Quality allegedly "failed to perform the due diligence required to determine whether it had lawful authority to conduct the trustee sale and dispossess Ranjan from her home." *Id*. at 16. Yet Quality is not a defendant in this action, so the Court disregards the allegations in the operative complaint against Quality. Next, Yadav-Ranjan alleges Nationstar and Wilmington/Rushmore "are debt collectors required to comply with all the provisions of the FDCPA. . . . These debt collectors breached this duty by demanding hundreds of thousands of dollars more than was actually due." *Id*. at 16-17. Defendants move to dismiss this claim.

First, Chase moves to dismiss the FDCPA claim against it because Yadav-Ranjan failed to allege any facts against Chase in her amended complaint as to this claim. Dkt. No. 73 at 18. Bizarrely, Yadav-Ranjan's opposition does not address this issue, instead arguing that the FDCPA claim is not time-barred. In any event, the Court GRANTS Chase's motion to dismiss the FDCPA claim against it WITH PREJUDICE.

As to Nationstar and Wilmington/Rushmore, this claim requires unpacking. "To prevail on a Fair Debt Collection Practices Act claim the plaintiff must allege the following: '(1) the plaintiff is a 'consumer' under 15 U.S.C. § 1692a(3); (2) the debt arises out of a transaction entered into for personal purposes; (3) the defendant is a 'debt collector' under 15 U.S.C. § 1692a(6); and (4) the defendant violated one of the provisions contained in 15 U.S.C. §§ 1692a-1692o.'" *Martinez v. Trinity Fin. Servs., LLC*, No. 17-

Case No. 17-cv-03939 NC 11

cv-03612 LB, 2017 WL 4071386, at *3 (N.D. Cal. Sept. 14, 2017) (quoting *Wheeler v. Premiere Credit of N. Am.*, LLC, 80 F. Supp. 3d 1108, 1112 (S.D. Cal. 2015). Under the FDCPA, a "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. 15 U.S.C. § 1692a(6). A "debt" is "an 'obligation ... of a consumer to pay money.'" *Vien-Phuong Thi Ho v. ReconTrust Co., NA*, 858 F.3d 568, 571 (9th Cir. 2016) (quoting 15 U.S.C. § 1692a(5)). But "actions taken to facilitate a non-judicial foreclosure, such as sending the notice of default and notice of sale, are not attempts to collect 'debt' as that term is defined by the FDCPA." *Id*. at 572; *id*. at 571 ("The object of a non-judicial foreclosure is to retake and resell the security, not to collect money from the borrower. California law does not allow for a deficiency judgment following non-judicial foreclosure.").

This is not quite Yadav-Ranjan's argument. In an apparent recognition that she cannot bring a claim under the FDCPA for defendants' foreclosure activities, Yadav-Ranjan alleges that Nationstar and Rushmore demanded of her hundreds of thousands of dollars more than was due. Dkt. No. 68 at 17. When this occurred is not stated. Likewise, Yadav-Ranjan's bald assertion that she was entitled to a right of first refusal and of bid-rigging is likewise disregarded for lack of legal support. *Id*. Nor does Yadav-Ranjan state which section between 15 U.S.C. §§ 1692a-1692o was violated. It is not the Court's job to do Yadav-Ranjan's statutory homework. Yadav-Ranjan must replead. This claim is DISMISSED as to Wilmington, Rushmore, and Nationstar WITH LEAVE TO AMEND.

**G. The Equal Credit Opportunity Act Claim is Dismissed.**

Sixth, Yadav-Ranjan brings a claim under ECOA, 15 U.S.C. § 1601(d)(1), against defendants Nationstar and Rushmore. Dkt. No. 68 at 18. Rushmore moves to dismiss. Dkt. No. 78 at 15.

In the complaint, Yadav-Ranjan brings a claim under 15 U.S.C. § 1691(d)(1), which sets forth the procedural requirements for processing a credit application. Section

Case No. 17-cv-03939 NC    12

1691(d)(1) states that "[w]ithin thirty days . . . after receipt of a completed application for credit, a creditor shall notify the applicant of its action on the application." Instead of directing her allegations to Nationstar and Rushmore, Yadav-Ranjan levels her ECOA allegations at Chase, whom she did not bring an ECOA claim against. As a result, the Court disregards the ECOA allegations against Chase. Dkt. No. 68 at 18. Yadav-Ranjan's allegation against Rushmore is that it "refused to seriously consider the application of Ranjan."[4] *Id*. This allegation does not give Rushmore notice of what Yadav-Ranjan is alleging. Fed. R. Civ. P. 8(a)(2). Yadav-Ranjan makes an almost identical claim regarding Nationstar. This allegation is insufficiently detailed to survive a Rule 12(b)(6) motion. The ECOA claim is DISMISSED WITH LEAVE TO AMEND.

### H. The Real Estate Settlement Procedures Act Claim is Dismissed.

Seventh, Yadav-Ranjan brings a claim under RESPA "against all beneficiaries and servicers." Dkt. No. 68 at 19. This claim is against all defendants.

Yadav-Ranjan alleges that defendants violated RESPA by failing to "promptly process the complete loan modification packages." *Id*. Even if that is true, the vagueness of Yadav-Ranjan's allegations on the RESPA claim fail to satisfy Rule 8(a)(2). It is not the Court's duty to comb through Regulation X or 12 CFR 1024's numerous subparts to determine if Yadav-Ranjan stated a claim. This claim is DISMISSED WITH LEAVE TO AMEND.

### I. The Cancellation and Quiet Title Claims are Dismissed.

Eighth, Yadav-Ranjan bring a claim for cancellation of the Trustee's Deed Upon Sale and to quiet title against Wilmington. Dkt. No. 68 at 20. Wilmington moves to dismiss.

"California law permits an action 'to establish title against adverse claims to real or

---

[4] Rushmore's argument to dismiss the ECOA claim is neither here nor there. Yadav-Ranjan alleges her servicers violated the notice provisions of ECOA, not the discrimination provisions. *See Vasquez v. Bank of Am. , N.A.*, No. 13-cv-02902 JST, 2013 WL 6001924, at *11 (N.D. Cal. Nov. 12, 2013) (discussing the distinction). As a result, the Court will not address the Rushmore's arguments to dismiss this claim.

Case No. 17-cv-03939 NC    13

personal property or any interest therein.'" *Diamond Real Estate v. Am. Brokers Conduit*, No. 16-cv-03937 HSG, 2017 WL 412527, at *7 (N.D. Cal. Jan. 31, 2017) (citing Cal. Civ. Proc. Code § 760.020(a)). "A quiet title action must include: (1) a description of the property in question; (2) the basis for plaintiff's title; and (3) the adverse claims to plaintiff's title." *Kelley v. Mortg. Elec. Registration Sys., Inc.*, 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009). Importantly, where the property has already been sold, a quiet title action is no longer appropriate, and the plaintiff must first challenge the foreclosure. *Distor v. U.S. Bank NA*, No. 09-cv-02086 SI, 2009 WL 3429700, at *6 (N.D. Cal. Oct. 22, 2009), *disagreed with on other grounds in Beaver v. Tarsadia Hotels*, 816 F.3d 1170, 1180 n.5 (9th Cir. 2016). Because Yadav-Ranjan is barred from seeking to quiet title after the sale to Wilmington, the Court does not reach Wilmington's other arguments and DISMISSES WITH PREJUDICE the quiet title claim.

As for the cancellation claim, the Court once again finds it lacks information. Yadav-Ranjan alleges that "[a]s a [Fannie Mae] loan, defendants had a duty to provide Ranjan the loan modification alternatives specified in the [Fannie Mae] Servicing Guidelines, which are incorporated by reference in the deed of trust." Dkt. No. 68 at 20. The Court is unaware what these "loan modification alternatives" are, and how they are incorporated by reference into the deed of trust. How did "defendants" fail to comply with the loan modification requirements Fannie Mae requires? These questions are unanswered.

Moreover, in examining the parties' arguments, the Court recognizes that the issue of whether a lack of compliance with federal regulations is sufficient to state a cancellation claim is unresolved. *Compare Fonteno v. Wells Fargo Bank, N.A.*, 228 Cal. App. 4th 1358 (2014) (allowing borrowers to bring an action to set aside trustee's sale on the basis of noncompliance with the federal regulations incorporated into the deed of trust) *with Tumbaga v. Bank of Am., N.A.*, No. C075532, 2015 WL 138961, at *4-*5 (Cal. Ct. App. Jan. 12, 2015) (explicitly rejecting *Fonteno*). This issue requires further briefing.

In any event, the Court finds that the cancellation claim is insufficiently pled, so the

Case No. 17-cv-03939 NC 14

cancellation claim is DISMISSED WITH LEAVE TO AMEND.

### J. The Slander of Title Claim is Dismissed.

Ninth, Yadav-Ranjan brings a claim for slander of title against all defendants. Dkt. No. 68 at 21.

The elements of a slander of title claim are: "(1) a publication, (2) which is without privilege or justification, (3) which is false, and (4) which causes direct and immediate pecuniary loss." *Manhattan Loft, LLC v. Mercury Liquors, Inc.*, 173 Cal. App. 4th 1040, 1051 (2009), *as modified* (May 18, 2009). Nonjudicial foreclosure proceedings are privileged. Cal. Civ. Code § 47(c)(1) ("[a] privileged publication or broadcast is one made: (c) [i]n a communication, without malice, to a person interested therein, (1) by one who is also interested."). "Nonjudicial foreclosure documents are subject to this privilege." *Rockridge Trust v. Wells Fargo, N.A.*, 985 F. Supp. 2d 1110, 1158 (N.D. Cal. 2013) (citing Cal. Civ. Code § 2924(d)).

Yadav-Ranjan sufficiently pleads that there was a publication, that it was false, and that she incurred damages, but not that the publication was not privileged. To do so, Yadav-Ranjan must provide facts showing defendants acted with malice. To show malice, a plaintiff must show "that the publication was motivated by hatred or ill will towards the plaintiff or by a showing that the defendant lacked reasonable grounds for belief in the truth of the publication and therefore acted in reckless disregard of the plaintiff's rights." *Kachlon v. Markowitz*, 168 Cal. App. 4th 316, 336 (2008) (internal quotation marks omitted). Because there are no allegations of malice in the complaint, this claim is DISMISSED WITH LEAVE TO AMEND.

### K. Other Claims

It appears that Yadav-Ranjan seeks to add a negligence and California Unfair Competition Act claim via her opposition brief. Just as an opposition brief is not the proper place to add facts, it is no place to add claims.

### IV. CONCLUSION

The motions to dismiss are GRANTED IN PART and DENIED IN PART WITH

Case No. 17-cv-03939 NC  15

LEAVE TO AMEND. As the Court made clear throughout this order, the First Amended complaint is seriously deficient on Rule 8(a)(2) and Rule 12(b)(6) grounds. Yadav-Ranjan must file a motion for leave to file the Second Amended Complaint, with the Second Amended Complaint attached by February 15, 2018. The motion for leave to amend must address how the Second Amended Complaint cures the defects in the First Amended Complaint. Yadav-Ranjan may not add claims or parties absent leave of Court. Defendants will be given the opportunity to object to the filing of the Second Amended Complaint. Those objections must be filed by February 22, 2018.

**IT IS SO ORDERED.**

Dated: February 1, 2018

_____

NATHANAEL M. COUSINS
United States Magistrate Judge