UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANI YADAV-RANJAN,<br><br>Plaintiff,<br><br>v.<br><br>RUSHMORE LOAN MANAGEMENT SERVICES, LLC, et al.,<br><br>Defendants. | Case No. 17-cv-03939 NC<br><br>**ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT STRIKE DEFENDANT QUALITY LOAN SERVICE CORPORATION**<br><br>Re: Dkt. No. 118 |

The second amended complaint contains allegations and claims against unserved defendant Quality Loan Service Corporation. Quality has not appeared in this action, though in previous iterations of the complaint, plaintiff Yadav-Ranjan included allegations regarding Quality. In the second amended complaint, Yadav-Ranjan brings breach of contract, Homeowner Bill of Rights, fraud and deceit, RESPA, and slander of title claims against Quality. But in none of these claims has Yadav-Ranjan made any substantive factual allegations as to Quality's purported wrongdoing. Quality always appears as a last party in the string-cite of defendants that allegedly harmed Yadav-Ranjan.

Moreover, the Court reminds Yadav-Ranjan that the deadline to add parties and claims was January 31, 2018. Dkt. No. 67. In the Court's order on the motions to dismiss the first amended complaint, the Court told Yadav-Ranjan that she could not add parties absent leave of Court. Dkt. No. 88 at 16. The motion for leave to file the second amended complaint made no reference to the addition of Quality Loan Service Corporation as a

Case No. 17-cv-03939 NC

defendant.  Attorney Daniel P. White's declaration attesting to the changes made from the first amended complaint to the second amended complaint also failed to mention the addition of Quality Loan Service Corporation as a defendant.  Dkt. No. 98-3.  Disturbingly, the redlines that purportedly showed the changes from the first amended complaint to the second amended complaint did not redline the addition of a party or the additional allegations regarding Quality.

Therefore, the Court is confused by the silent addition of Quality Loan Service Corporation to the second amended complaint, and is concerned that Yadav-Ranjan was attempting to pull the wool over the Court's eyes by omitting this change from its redlines and its motion.  Therefore, the Court ORDERS Yadav-Ranjan to file a response to this motion explaining why Quality Loan Service Corporation's presence as a defendant did not appear in its motion for leave, or attorney White's declaration in support of the second amended complaint.  Moreover, Yadav-Ranjan must show cause why the Court should not dismiss Quality as a new defendant at this late juncture in the proceedings.  This response must be filed with the Court by June 15, 2018.

**IT IS SO ORDERED.**

Dated:  June 11, 2018

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

Case No. 17-cv-03939 NC          2