UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANI YADAV-RANJAN,<br><br>        Plaintiff,<br><br>    v.<br><br>RUSHMORE LOAN MANAGEMENT<br>SERVICES, LLC, et al.,<br><br>        Defendants. | Case No. 17-cv-03939 NC<br><br>**ORDER GRANTING IN PART AND<br>DENYING IN PART MOTIONS TO<br>DISMISS**<br><br>Re: Dkt. Nos. 123, 125 |

This is the third round of motions to dismiss in this mortgage foreclosure case. Once again, defendants JP Morgan Chase Bank, N.A., Rushmore Loan Management Services, LLC, and Wilmington Fund Society, FSB move to dismiss plaintiff Rani Yadav-Ranjan's complaint. Two motions are considered here, one filed by Chase, and the other by Rushmore and Wilmington jointly. The operative complaint is the Second Amended Complaint. The Court will not here rehash the facts of this case, and instead refers the reader to the Court's February 1, 2018, order on the motion to dismiss for a comprehensive review of the facts.

The Court does point out, however, that the pleading stage in this case has dragged on for an abnormally long time. Trial is in 11 weeks. No continuance will be granted absent truly extraordinary circumstances, and no motions for summary judgment will be entertained at this juncture. These facts, in part, color the Court's decision in this motion to dismiss.

Case No. 17-cv-03939 NC

For the reasons stated below, the Court GRANTS IN PART and DENIES IN PART the motions to dismiss.[1] Based on the Court's findings below, the following claims remain live in this case: (1) breach of contract against Rushmore; (2) California Homeowner Bill of Rights, Cal. Civ. Code § 2923.7; (3) bid rigging; (4) the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692f(6), 1692g; (5) the RESPA claim against Chase; (6) California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200; and (7) the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et. seq.*

## I. LEGAL STANDARD

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). On a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the non-movant. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The Court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not allege detailed factual allegations, it must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## II. DISCUSSION

### A. Allegations Regarding Yadav-Ranjan's Bankruptcy

In the second amended complaint, Yadav-Ranjan added allegations that she filed for

---

[1] All parties consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c). Dkt. Nos. 5, 16, 26.

Chapter 13 bankruptcy in December 2014, that the bankruptcy was converted into a Chapter 11 bankruptcy in May 2015, and that this bankruptcy was converted to a Chapter 7 bankruptcy on February 4, 2016. Dkt. No. 118 at 13-14. Per Yadav-Ranjan, "a release of claims was agreed to in June 2017." *Id.* at 14. Yadav-Ranjan argues that her bankruptcy renders her claims timely.

Not so. While Yadav-Ranjan is correct that 11 U.S.C. § 108(a) tolled her claims, this tolling does not make up for the fact that she sat on her rights. Likewise, Chase's argument in support of its motion to dismiss on this point is incorrect, dkt. no. 131 at 2-3, because the protection of § 108(a) may apply to a debtor, not merely the bankruptcy trustee. *Stephenson v. Chase Home Fin. LLC*, No. 10-cv-02639 WMC, 2011 WL 2006117, at *5 (S.D. Cal. May 23, 2011)[2].

In fact, § 108(a) provides:

> If applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period within which the debtor may commence an action, and such period has not expired before the date of the filing of the petition, the trustee may commence such action only before the later of--
>
>> (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
>>
>> (2) two years after the order for relief.

11 U.S.C. § 108(a).

An "order for relief" occurs at the commencement of a voluntary bankruptcy case. 11 U.S.C. § 301(b); *Linares v. CitiMortgage, Inc.*, No. 14-cv-03435 EMC, 2015 WL 2088705, at *4 (N.D. Cal. May 5, 2015). Therefore, in the context of the claims alleged in this case, § 108 would only assist Yadav-Ranjan in tolling her claims insofar as those claims' statutes of limitations would have tolled before December 2016—the two year anniversary of Yadav-Ranjan's order for relief. *See* 11 U.S.C §§ 108(a), 301(b). For such

---

[2] *Stephenson* contains analysis regarding the different chapters of the bankruptcy code, and the applicability of § 108(a) to a bankruptcy debtor. Neither party discussed these intricacies. 2011 WL 2006117, at *5. The Court also will not.

1   claims, the statute would have run until December 2016.  However, for claims where the

2   statute lapsed before December 2014, such claims are time-barred.  Where the statutes of

3   limitations would have run *beyond* December 2016, for example, based on a statute set

4   forth in the California Civil Code, those claims' limitations periods would have been

5   unaffected by § 108(a).  Section § 108(a) does not, however, extend the statutes of

6   limitations by an additional two years *beyond* their statutory limitations periods.

7          This last reading appears to be what Yadav-Ranjan wishes the Court to adopt.

8   There is no support for that position in the statute, or in any of the case law Yadav-Ranjan

9   presented to the Court.  Thus, Yadav-Ranjan's argument that her bankruptcy extended the

10  limitations period for each of her claims is inaccurate.  With this analysis in mind, the

11  Court considers the merits of the motions to dismiss.

12  **B.     The Motions to Dismiss**

13         **1.     The Fraud and Deceit Claim Against Chase is Dismissed With
                   Prejudice.**

14

15         First, Yadav-Ranjan brings a fraud and deceit claim against Chase.

16         The elements of fraud are: "(a) a misrepresentation (false representation,

17  concealment, or nondisclosure); (b) scienter or knowledge of its falsity; (c) intent to induce

18  reliance; (d) justifiable reliance; and (e) resulting damage." *Hinesley v. Oakshade Town

19  Ctr.*, 135 Cal. App. 4th 289, 294 (2005) (quoting *Lazar v. Superior Court*, 12 Cal. 4th 631,

20  638 (1996)).  Yadav-Ranjan also seems to attempt to state a claim for fraud by omission.

21  A fraud by omission claim requires showing: "(1) the concealment or suppression of

22  material fact, (2) a duty to disclose the fact to the plaintiff, (3) intentional concealment

23  with intent to defraud, (4) justifiable reliance, and (5) resulting damages." *Mui Ho v.

24  Toyota Motor Corp.*, 931 F. Supp. 2d 987, 999 (N.D. Cal. 2013) (citing *SCC Acquisitions

25  Inc. v. Cent. Pac. Bank*, 207 Cal. App. 4th 859, 864 (2012)).  When pleading fraud in

26  federal courts, "a party must state with particularity the circumstances constituting fraud or

27  mistake." Fed. R. Civ. P. 9(b).  "Averments of fraud must be accompanied by 'the who,

28  what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*,

317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)).

Once again, Yadav-Ranjan fails to make any allegations as to her justifiable reliance on any purported misstatements or omissions by Chase. Dkt. No. 88 at 9. The Court previously gave Yadav-Ranjan leave to amend on this ground, and Yadav-Ranjan failed to cure the complaint as to this claim. Moreover, the statute of limitations for a fraud claim is three years. Cal. Code Civ. Proc. § 338(d). Chase's allegedly fraudulent actions occurred in 2013; this case was filed in California state court in July 2017. This claim would therefore be time-barred. Dkt. No. 118 at 12-13.

The fraud and deceit claim against Chase is DISMISSED WITH PREJUDICE.

**2. The Breach of Contract Claim Against Chase and Wilmington is Dismissed With Prejudice. The Breach of Contract Claim Against Rushmore Survives.**

Second, Yadav-Ranjan brings a breach of contract claim against all defendants.

The elements of breach of contract are: "(1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff." *Reichert v. Gen. Ins. Co. of Am.*, 68 Cal. 2d 822, 830 (1968).

Yadav-Ranjan alleges defendants "breached the contract"—presumably the deed of trust—by "wrongfully instructing Quality to record a Notice of Default, which they used as effective after she cured the default, Notice of Trustee Sale, while she was being considered for a modification and using the grievance procedure, and failing to, provide Ranjan the benefit of the provisions of the FNMA servicing guidelines and provisions of the National Housing Act." Dkt. No. 118 at 15. The opposition elaborates that Rushmore breached the contract in three ways:

> First, they caused a notice of default to be recorded when there was no default. Second, they breached the agreement by failing to properly deal with plaintiff's second loan modification application that was based on their erroneous view of the balance due . . . . Third, these defendants breached the agreement by manipulating the trustee sale process in violation of the covenant of good faith and fair dealing which is a part of all California contracts.

Dkt. No. 130 at 10. Moreover, Yadav-Ranjan provides that "defendants breached the Power of Sale provisions of the deed of trust in two ways. First, they caused recordation of a notice of default and held a trustee sale despite the absence of a default. Second, they allowed a stranger to make a credit bid." *Id.*

The Court is at a loss to see how Chase and Wilmington would be in any way liable for this alleged breach of contract. As far as the Court can tell, Chase had nothing to do with the foreclosure of Yadav-Ranjan's home. Wilmington also had nothing to do with this because it was the buyer of the home at the trustee's sale. Moreover, Yadav-Ranjan makes no specific allegations against either of them as to this claim. The breach of contract claim on these grounds is DISMISSED WITH PREJUDICE. At best this claim could only be against Rushmore.[3]

The claim as to Rushmore does survive, but only as to the recordation of the notice of default when Yadav-Ranjan was allegedly not in default on the loan. Rushmore's only rejoinder on this point is that Yadav-Ranjan failed to provide facts in support of her contention that she was not in default at the time the notice of default was recorded. Dkt. No. 133 at 2. But Yadav-Ranjan does not need to do more than say that she was not in default, and that Rushmore wrongfully recorded the notice of default, to state this breach of contract claim. It is sufficient for her to claim that she performed on the contract (the deed of trust), and was harmed by Rushmore's breach of the contract. *Reichert*, 68 Cal. 2d at 830.

As to Yadav-Ranjan's claim that the deed of trust was breached by "failing to properly deal with plaintiff's second loan modification application," Yadav-Ranjan has failed to provide sufficient facts as to how this occurred, or how it would breach of the deed of trust. Dkt. No. 130 at 10. A claim on this ground is DISMISSED WITH

---

[3] The Second Amended Complaint originally sought to state various claims, including this breach of contract claim against Quality Loan Service Corporation, an unserved defendant. In a response to the Court's order to show cause regarding why Quality should not be stricken as a defendant in this case, Yadav-Ranjan voluntarily dismissed the claims against Quality, stating that Quality's addition had been a "clerical error." Dkt. No. 140. The Court will no further consider any allegations against Quality.

1  PREJUDICE.  In addition, Yadav-Ranjan also claims that Rushmore breached the contract

2  by their conduct at the trustee's sale.  Again, the Court lacks facts to determine what

3  contract this breached.

### 3. The Dual Tracking Claim Against Rushmore and Wilmington is Dismissed With Prejudice.

6  Third, Yadav-Ranjan alleges violations of the California Homeowner Bill of Rights.

7  Yadav-Ranjan alleges that no single point of contact was provided to her, and that

8  Rushmore[4] engaged in dual tracking.  The Court already denied a motion to dismiss

9  Yadav-Ranjan's single point of contact claim under California Civil Code § 2923.7, and

10 dismissed her § 2923.6 claim with leave to amend.  Dkt. No. 88 at 6.

11 However, Yadav-Ranjan did not cure her dual tracking claim.  It is undisputed that

12 Yadav-Ranjan was afforded a loan modification in 2013.  Dkt. No. 118 at 8.  Yadav-

13 Ranjan's allegations as to a "material change in the borrower's financial circumstances"

14 date back to 2009, before she received a loan modification in 2013.  Dkt. No. 118 at 17;

15 Cal. Civ. Code § 2923.6(g).  The dual tracking provisions of § 2923.6 have been repealed,

16 and shuffled around to § 2924.11.  That section does not provide an analogous subsection

17 corresponding with the now-superseded § 2923.6(g).  Magistrate Judge Howard R. Lloyd

18 found that subsection (g) was part of a statutory scheme to provide borrowers with

19 heightened protection for five years, and that it was repealed on December 31, 2017.

20 Therefore, its protection of homeowners whose financial circumstances had materially

21 changed had been repealed on that date.  *Haynish v. Bank of Am., N.A.*, No. 17-cv-01011

22 HRL, 2018 WL 2445516, at *5–6 (N.D. Cal. May 31, 2018) ("The basic thrust of the post-

---

[4] Yadav-Ranjan refers to Rushmore and Wilmington as one entity in this claim.  The Court is unclear why, as Wilmington was not Yadav-Ranjan's servicer.  This confusion occurs throughout the operative complaint because at times Yadav-Ranjan brings claims against only Rushmore, and at other times only against Wilmington.  Moreover, at the beginning of her complaint, Yadav-Ranjan states that Chase sold Wilmington the loan in 2014, dkt. no. 118 at 3, but then states that one of Wilmington's associated entities bought the home at the trustee sale.  *Id.* at 20.  The Court mentions these facts because the complaint is quite obscure as to who did what and how.  This confusion is not necessarily Yadav-Ranjan's fault, but it makes resolving these motions based on fuzzy allegations complicated.

2018 HBOR is that it offers less protection for borrowers than before, not more.").

But even if § 2923.6(g) was still in effect, Rushmore would not have been required to evaluate the loan modification application because Yadav-Ranjan did not allege that her financial circumstances had changed after 2013, or that she informed Rushmore of this fact.  The dual tracking claim is DISMISSED WITH PREJUDICE.

### 4.  The Fraud and Deceit Claim Against Chase is Dismissed With Prejudice.

Fourth, Yadav-Ranjan alleges a fraud claim against Chase.[5]  The Court need not belabor the elements of fraud here because this claim is entirely time-barred.  The statute of limitations for a fraud claim is three years.  Cal. Code Civ. Proc. § 338(d).  All of Yadav-Ranjan's allegations as to this claim regarding Chase relate back to the period before Yadav-Ranjan's May 2013, loan modification.  *See* Dkt. No. 118 at 17-19.  Under § 338(d), this claim became time-barred in May 2016.  This case was filed in July 2017, after the limitations period lapsed.  Dkt. No. 2 (Notice of Removal).  Moreover, to the extent that Yadav-Ranjan attempts to use her bankruptcy as a means to render her claims timely, any benefit she would have derived from the tolling of those claims lapsed in December 2016—7 months before this case was filed.  *See* 11 U.S.C §§ 108(a), 301(b).  This claim is DISMISSED WITH PREJUDICE.

### 5.  The Bid Rigging Claim Against Wilmington and Rushmore Survives.

Fifth, Yadav-Ranjan brings a bid rigging claim.

In support of the bid rigging claim, Yadav-Ranjan alleges:

> Yadav-Ranjan is aware of two affirmative actions taken in furtherance of this unlawful conspiracy to manipulate the trustee sale process and ensure that only the favored defendant, the Pretium Mortgage Acquisition Trust, would acquire the property.

> The first unlawful action was to constantly change the sales dates, without providing notice to Yadav-Ranjan and on

---

[5] The caption on this claim includes all defendants, but the only defendants against which Yadav-Ranjan makes any allegations are Chase and Nationstar, who was dismissed.  Dkt. No. 118 at 19.  The Court will not include the other defendants in its discussion.

> multiple occasions in order to ensure that plaintiff and her family would be unable to bring the required cash or cashier[']s check to the auction and buy the property, which she fully intended to do. . . . .
>
> The second unlawful action was to instruct Quality Loan Service ad the cryer [sic] at the auction to accept a credit bid from the Pretium Mortgage Acquisition Trust when this Trust was NOT the owner of the debt. The owner of the debt was the Pretium Partners I, LP in New York – as opposed to the Pretium Mortgage Acquisition Trust in Texas.

Dkt. No. 118 at 20. As to this first "unlawful action," Yadav-Ranjan alleges that the postponements to the trustee sale were for over 10 days in length, and that she was given no notice of these postponements. *Id.* at 21.

The statutory hook for the "bid-rigging" claim is California Civil Code § 2924h(g)(2), which makes it unlawful for a person "to fix or restrain bidding in any manner, at a sale of property conducted pursuant to a power of sale in a deed of trust or mortgage." The purpose of this subsection is "to protect property owners in default by ensuring fair and open bidding and the benefits of competition." *Lo v. Jensen*, 88 Cal. App. 4th 1093, 1095 (2001). In addition, Civil Code § 2924(a)(5) requires that when a sale is postponed for at least 10 days under § 2924g, "a mortgagee, beneficiary, or authorized agent shall provide written notice to a borrower regarding the new sale date and time, within five business days following the postponement."

Rushmore and Wilmington's motion to dismiss only addresses the first of Yadav-Ranjan's alleged "unlawful actions." They essentially argue that even if the trustee's sale was postponed numerous times, the final Notice of Trustee's Sale was recorded on December 5, 2016, and set the sale for December 28, 2016. Dkt. No. 125-1 at 16. It is undisputed that this sale was not postponed. Rushmore and Wilmington's position is that because this last notice was not postponed, "[a]ny claims relating to such prior postponements became moot upon the issuance of the December 2016 Notice of Sale." Dkt. No. 133 at 5. While it is true that Yadav-Ranjan cannot complain about these prior postponements, because she was not harmed by them—because her home was not sold at auction as a result of these unlawful postponements—it is also true that Rushmore and

Case No. 17-cv-03939 NC                 9

Wilmington appear to have been playing fast and loose with § 2924(a)(5). Had this occurred, assuming these allegations are true, that sale would be invalid. § 2924(a)(5).

The second point, that Rushmore "and/or" Wilmington unlawfully instructed Quality to accept a credit bid, is unchallenged by defendants, and so it stands. Dkt. No. 118 at 20; *see* Dkt. No. 125-1 at 15-17. Rushmore and Wilmington also move to dismiss this claim on the ground that Yadav-Ranjan did not show prejudice, and that she did not tender the amount of the loan. Dkt. No. 125-1 at 16 (citing *Chavez v. Indymac Mortg. Servs.*, 219 Cal. App. 4th 1052, 1062 (2013)). The idea that Yadav-Ranjan was not prejudiced when her home was allegedly sold from under her borders on frivolous. Moreover, Yadav-Ranjan actually did allege tender, based on a logical reading of her claim that, as a result of the bid-rigging, she never knew when to bring her money to the courthouse steps to buy her home.[6] Dkt. No. 118 at 21. The motion to dismiss the bid rigging claim on this ground is DENIED.

### 6. The Motion to Dismiss the FDCPA Claim Against Rushmore is Granted in Part and Denied in Part.

Sixth, Yadav-Ranjan brings a claim under the Fair Debt Collection Practices Act (FDCPA) against Rushmore. In the operative complaint, Yadav-Ranjan alleges violations of multiple provisions of the FDCPA, 15 U.S.C. §§ 1692e, 1692f(6), and 1692g.

"To prevail on a Fair Debt Collection Practices Act claim the plaintiff must allege the following: '(1) the plaintiff is a 'consumer' under 15 U.S.C. § 1692a(3); (2) the debt arises out of a transaction entered into for personal purposes; (3) the defendant is a 'debt collector' under 15 U.S.C. § 1692a(6); and (4) the defendant violated one of the provisions contained in 15 U.S.C. §§ 1692a-1692o.' " *Martinez v. Trinity Fin. Servs., LLC*, No. 17-

---

[6] To the extent Rushmore and Wilmington assert that Yadav-Ranjan has not alleged tender because she did not offer to pay the entire amount of the debt, the Court points out that she disputes the validity of that amount. Assuming the truth of Yadav-Ranjan's allegations, a factual allegation that defendants were charging her $1 million more than what was owed on her home qualifies as an excuse for not tendering the full amount of the debt. *Chavez*, 219 Cal. App. 4th at 1062 ("the plaintiff tendered the amount of the secured indebtedness *or was excused from tendering*" (emphasis added)).

cv-03612 LB, 2017 WL 4071386, at *3 (N.D. Cal. Sept. 14, 2017) (quoting *Wheeler v. Premiere Credit of N. Am.*, LLC, 80 F. Supp. 3d 1108, 1112 (S.D. Cal. 2015). Under the FDCPA, a "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. 15 U.S.C. § 1692a(6). A "debt" is "an 'obligation . . . of a consumer to pay money.'" *Vien-Phuong Thi Ho v. ReconTrust Co., NA*, 858 F.3d 568, 571 (9th Cir. 2016) (quoting 15 U.S.C. § 1692a(5)).

Yadav-Ranjan is not eligible to bring claims under most of the FDCPA against Rushmore. This is because "while the FDCPA regulates security interest enforcement activity, it does so only through Section 1692f(6). As for the remaining FDCPA provisions, 'debt collection' refers only to the collection of a money debt." *Dowers v. Nationstar Mortg., LLC*, 852 F.3d 964, 970 (9th Cir. 2017). The Ninth Circuit in *Dowers* concluded that plaintiffs there could not bring claims under § 1692e either. *Id.* So too here. Yadav-Ranjan's claim under 15 U.S.C. § 1692e is DISMISSED WITH PREJUDICE. Thus, the Court must consider whether Yadav-Ranjan may state an FDCPA claim against Rushmore under sections 1692f(6), and 1692g. Section 1692f(6) provides:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . . the following conduct is a violation of this section:
>> Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if--
>>> (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;
>>> (B) there is no present intention to take possession of the property; or
>>> (C) the property is exempt by law from such dispossession or disablement.

15 U.S.C. § 1692f(6). Section 1692f(6) does apply to security enforcers in the non-judicial mortgage foreclosure context. *Dowers*, 852 F.3d at 971. The Court is unclear how Yadav-Ranjan claims Rushmore violated § 1692f(6), as all of the relevant allegations under this claim deal with Quality Loan Service Corporation's alleged deeds. Dkt. No. 118 at 22-23

Case No. 17-cv-03939 NC                  11

("Quality breached its duties as a security enforcer under 15 U.S.C. § 1692f(6) by threatening to take immediate possession of the home."). However, there is one fact alleged in this claim that will allow Yadav-Ranjan to squeak past this motion, "Rushmore . . . [was] prohibited from selling property when there was no default. In this case, there was no default since plaintiff made all of her payments as required by the TILA Disclosure Statement." Dkt. No. 118 at 24. The Court understands that Rushmore disagrees with the idea that Yadav-Ranjan may allege facts that she was not in default. But it was Rushmore's choice not to file a motion for summary judgment, and at this juncture, the Court must accept all well-pleaded facts as true. The motion to dismiss the 15 U.S.C. § 1692f(6) claim is DENIED.

As to § 1692g, the Court is unclear which subsection of that statute Yadav-Ranjan alleges that Rushmore violated, but Rushmore makes no specific arguments as to § 1692g. Yadav-Ranjan alleges that Rushmore violated this statute by not giving the required notice of the debt upon being assigned as a servicer and debt collector. Dkt. No. 118 at 24. The Court does not see where in § 1692g such a requirement appears. But Rushmore did not specifically move to dismiss this portion of Yadav-Ranjan's claim in its motion, instead making a more general argument against the FDCPA claim. Dkt. No. 125-1 at 18-19. Therefore, the motion to dismiss the claim under this section is DENIED.

### 7. The ECOA Claim Against Chase and Rushmore is Dismissed With Prejudice.

Seventh, Yadav Ranjan brings a claim under the Equal Credit Opportunity Act (ECOA) against Chase and Rushmore.

In the complaint, Yadav-Ranjan brings a claim under 15 U.S.C. § 1691(d)(1), which sets forth the procedural requirements for processing a credit application. Section 1691(d)(1) states that "[w]ithin thirty days . . . after receipt of a completed application for credit, a creditor shall notify the applicant of its action on the application."

As to Chase, Yadav-Ranjan alleges "Chase insisted that Ranjan pay more money than required of her under the original loan documents after stringing her along with

unnecessary demands for redundant and extra copies of data already supplied by Ranjan as part of her complete loan modification." Dkt. No. 118 at 26. The Court is puzzled by Yadav-Ranjan's allegations against Chase because Chase actually granted Yadav-Ranjan a loan modification in 2013. Yadav-Ranjan provides the Court with no dates regarding when this "stringing along" occurred, and as far as the Court can see, the conduct that Yadav-Ranjan complains of resulted in a loan modification. It may well be that the terms of the modification turned out not to be favorable to her, but there are no facts alleged that demonstrate that Yadav-Ranjan was denied credit. Yadav-Ranjan will not get a fourth bite at the apple. This claim is DISMISSED WITH PREJUDICE.

Yadav-Ranjan's one allegation against Rushmore is that it "refused to seriously consider the application of Ranjan." *Id*. (citing 12 C.F.R. §§ 1024.40, 1024.41). As the Court said in its previous order, this allegation does not give Rushmore notice of what Yadav-Ranjan is alleging, even with the citation to the regulations. Fed. R. Civ. P. 8(a)(2). Yadav-Ranjan seeks to add facts to the complaint via the opposition brief. Dkt. No. 130 at 17 ("Rushmore failed to provide plaintiff with the required 'Statement of reasons' that it was refusing to actually consider her loan modification application."). This is improper as Yadav-Ranjan well knows from the Court's previous order. *Schneider v. California Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("new" allegations contained in an opposition are irrelevant for Rule 12(b)(6) purposes, and a court may not consider them). Moreover, this allegation appears to be moving the ECOA claim away from the notice provision, 15 U.S.C. § 1691(d)(1), to the discrimination provisions of 15 U.S.C. § 1691(a). *Vasquez v. Bank of Am. , N.A.*, No. 13-cv-02902 JST, 2013 WL 6001924, at *11 (N.D. Cal. Nov. 12, 2013) (discussing the two different types of claims under § 1691). Violations of the notice provision were alleged in the complaint, not of the discrimination provision. The Court will not give Yadav-Ranjan leave to amend this claim again when nothing was done to remedy the claim's deficiencies despite the Court's clear directive. The claim against Rushmore is DISMISSED WITH PREJUDICE.

**8. The RESPA Claim as to Wilmington and Rushmore is Dismissed With Prejudice. The RESPA Claim Against Chase Survives.**

Eighth, Yadav-Ranjan seeks to bring a Real Estate Settlement Procedures Act claim against Chase, Rushmore, and Wilmington.

First, as to Chase, the Court notes that Chase did not move to dismiss the RESPA claim against it. Therefore, this claim stands. As to Wilmington, the Court agrees with defendants that—as a matter of common sense—the RESPA claim against it should be dismissed because (1) it was not Yadav-Ranjan's servicer, and (2) Yadav-Ranjan makes no substantive allegations against Wilmington as to this claim. Dkt. No. 125-1 at 22. As to Rushmore, there are no allegations against it either except that "servicers" failed to "promptly process the complete loan modification packages." Dkt. No. 118 at 27 (citing "Regulation X and 12 CFR 1024 and its sub parts"). This threadbare allegation does not state a RESPA claim, particularly because of the lack of any allegation of damages as against Rushmore.

The only part of the RESPA claim alleging any type of pecuniary harm suffered by Yadav-Ranjan is against Nationstar, who settled its case against Yadav-Ranjan. Dkt. No. 99; Dkt. No. 118 at 27 ("Nationstar charged Ranjan additional fees for postponing the sale about twelve times. . . . Prompt processing of the Ranjan's requests would have eliminated at least eleven postponement fees together with the additional attorney fees related to each of these postponements of the trustee sale."). Thus, Rushmore and Wilmington's motion to dismiss the RESPA claim is GRANTED.

**9. The Motion to Dismiss the Cancellation Claim Against Wilmington is Denied.**

Ninth, Yadav-Ranjan brings a cancellation claim against Wilmington because it "lacked the power to do business in California," and manipulated the trustee sale. Dkt. No. 118 at 28. Specifically, Wilmington allegedly is required to have a business license from the California Department of Corporations or Real Estate. *Id.* at 28-29.

"To prevail on a claim to cancel an instrument, a plaintiff must prove (1) the instrument is void or voidable due to, for example, fraud; and (2) there is a reasonable

apprehension of serious injury including pecuniary loss or the prejudicial alteration of one's position." *U.S. Bank Nat'l Ass'n v. Naifeh*, 1 Cal. App. 5th 767, 778 (2016), *as modified on denial of reh'g* (Aug. 17, 2016), *review denied* (Nov. 9, 2016).

As to the allegation that Wilmington lacked the right to do business in California, Wilmington asserts that it is exempt from such regulations as a federal savings association regulated by the Office of the Comptroller of the Currency. Dkt. No. 125-1 at 24 (citing Cal. Fin. Code § 22050(a)). Yadav-Ranjan failed to respond to this argument. The Court interprets this silence as a concession.

Yadav-Ranjan also seeks to cancel the Trustee Deed Upon Sale based on the fact that "defendants" failed to provide Yadav-Ranjan with "the loan modification alternatives specified in the FNMA Servicing Guidelines." Again, Yadav-Ranjan has failed to specify what these servicing guidelines are, even though the Court dismissed the cancellation claim in its previous order on this exact ground. Dkt. No. 88 at 14 ("The Court is unaware what these 'loan modification alternatives' are, and how they are incorporated by reference into the deed of trust. How did 'defendants' fail to comply with the loan modification requirements Fannie Mae requires? These questions are unanswered."). This is not a trivial point, it is a basic Federal Rule of Civil Procedure 8(a) issue. The motion to dismiss on the ground of the FNMA guidelines is GRANTED WITH PREJUDICE.

However, Yadav-Ranjan does sufficiently allege a cancellation claim based on her bid rigging allegations, albeit barely. It is more than conceivable that, assuming the truth of the allegations in the complaint, Wilmington colluded to improperly restrain the sale of the property so as to exclude Yadav-Ranjan. The Court makes no judgment as to the truth or falsity of this claim. The motion to dismiss on this ground alone is DENIED.

### 10. The Slander of Title Claim Against Rushmore and Wilmington is Dismissed With Prejudice.

Tenth, Yadav-Ranjan brings a slander of title claim against Rushmore and Wilmington. The elements of a slander of title claim are: "(1) a publication, (2) which is without privilege or justification, (3) which is false, and (4) which causes direct and

immediate pecuniary loss." *Manhattan Loft, LLC v. Mercury Liquors, Inc.*, 173 Cal. App. 4th 1040, 1051 (2009), *as modified* (May 18, 2009). Nonjudicial foreclosure proceedings are privileged. Cal. Civ. Code § 47(c)(1) ("[a] privileged publication or broadcast is one made: (c) [i]n a communication, without malice, to a person interested therein, (1) by one who is also interested."). "Nonjudicial foreclosure documents are subject to this privilege." *Rockridge Trust v. Wells Fargo, N.A.*, 985 F. Supp. 2d 1110, 1158 (N.D. Cal. 2013) (citing Cal. Civ. Code § 2924(d)).

Like the last time this claim was before the Court, Yadav-Ranjan sufficiently pleads that there were publications (the Notices of Default and the Notices of Trustee Sale) and that they were false. Moreover, Yadav-Ranjan pointed out to the Court that the issue of a privileged publication only insulates the trustee, not servicers. Yadav-Ranjan is correct. Cal. Civ. Code § 2924(b) ("In performing acts required by this article, the *trustee* shall incur no liability for any good faith error resulting from reliance on information provided in good faith by the beneficiary regarding the nature and the amount of the default under the secured obligation, deed of trust, or mortgage." (emphasis added)). However, for reasons that are outside of the Court's ken, Yadav-Ranjan deleted from her complaint any allegations of damages resulting from the alleged slander of title. This claim is DISMISSED WITH PREJUDICE.

### 11. The Negligence Claim Against Rushmore is Dismissed With Prejudice.

Eleventh, Yadav-Ranjan brings a negligence claim against Rushmore.

"The elements of negligence in California are: (1) defendant had a legal duty to use due care towards the plaintiff; (2) the defendant breached that duty; and (3) the breach was the proximate or legal cause of (4) the resulting injury." *Hutchins v. Nationstar Mortg. LLC*, No. 16-cv-07067 PJH, 2017 WL 4224720, at *14 (N.D. Cal. Sept. 22, 2017) (citing *Ladd v. Cty. of San Mateo*, 12 Cal. 4th 913, 917 (1996)). It is for the court to decide whether a legal duty exists under the circumstances of the case. *Vasquez v. Residential Investments, Inc.*, 118 Cal. App. 4th 269, 278 (2004). Generally, "a financial institution owes no duty of care to a borrower when the institution's involvement in the loan

transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark v. Heart Fed. Sav. & Loan Assn.*, 231 Cal. App. 3d 1089, 1096 (1991).

"However, courts sometimes apply the so-called *Biakanja* factors to determine whether a duty is owed [to a borrower] under a narrow exception to the general rule." *Hutchins*, 2017 WL 4224720, at *14 (citing *Alvarez v. BAC Home Loans Servicing, L.P.*, 228 Cal. App. 4th 941, 945-46 (2014)). These factors are: "the extent to which the transaction was intended to affect the plaintiff, the foreseeability of harm to him, the degree of certainty that the plaintiff suffered injury, the closeness of the connection between the defendant's conduct and the injury suffered, the moral blame attached to the defendant's conduct, and the policy of preventing future harm." *Anderson v. Deutsche Bank Nat. Tr. Co. Americas*, 649 Fed. App'x 550, 552 (9th Cir.), *cert. denied sub nom. Anderson v. Aurora Loan Servs., LLC*, 137 S. Ct. 496 (2016) (citing *Biakanja v. Irving*, 49 Cal. 2d 647, 650 (1958)).

There is a split in authority within the California Courts of Appeal between those cases which found servicers owed a duty of care to borrowers once they agreed to consider a loan modification application, *Alvarez*, 228 Cal. App. 4th at 948, and those that did not. *See Lueras v. BAC Home Loans Servicing, LP*, 221 Cal. App. 4th 49, 67 (2013). Yadav-Ranjan proffers a recent California Court of Appeals case, *Rossetta v. CitiMortgage, Inc.*, which she asserts changed the law. Dkt. No. 118 at 32; 18 Cal. App. 5th 628 (2017), *reh'g denied* (Jan. 4, 2018), *review denied* (Mar. 21, 2018).

But *Rossetta* changed nothing, it merely deepened the divide between the courts of appeal. *Hackett v. Wells Fargo Bank, N.A.*, No. 17-cv-07354 CAS ASX, 2018 WL 1224410, at *9 (C.D. Cal. Mar. 5, 2018) ("The reasoning in *Rossetta* . . . does not materially depart from the reasoning set forth in *Alvarez*, and therefore does not alter the Court's reasoning in reaching the conclusion that (1) *Lueras* is more persuasive and (2) plaintiffs fail to adequately allege special circumstances demonstrating that [their servicer] owed them a duty of care in considering their loan modification applications."). *Rossetta* does not change the Court's opinion that it should continue to follow the reasoning in

*Lueras*.

Nonetheless, the Court will consider Yadav-Ranjan's factual allegations. Yadav-Ranjan's allegations against Rushmore as to duty are as follows: Rushmore "negligently processed the loan modification[] application[] submitted by plaintiff. In particular, [Rushmore] negligently failed to process the application[] in good faith and pursuant to the appropriate Servicing Guidelines from FNMA and Freddie Mac." Dkt. No. 118 at 32. In addition, Yadav-Ranjan alleges that Rushmore "unreasonably refused to actually consider the application," "refused to honestly evaluate the mountains of data provided by plaintiff to support her loan modification application[]," and refused to "consider the TILA disclosure Statement as an accurate reflection of the financial terms of the debt . . . ." *Id.* Lastly, Yadav-Ranjan alleges that Rushmore failed to allow the owner of the debt to consider her loan modification application.[7] *Id.*

The last point is not actionable, but the Court considers Yadav-Ranjan's other two arguments. The Court notes that Yadav-Ranjan did not allege that Rushmore did not process her loan, or that it did not consider it, or that it did not make a decision on it; rather, the statements in the complaint appear to express Yadav-Ranjan's frustration over Rushmore's failure to process her application in accordance with unspecified guidelines and to grant the loan modification. *Compare Alvarez,* 228 Cal. App. 4th at 945 (alleging lender failed to review plaintiffs' loan modification application in a timely manner, foreclosed on the plaintiffs' property while the plaintiffs were still under consideration for a loan modification, relied on incorrect information in handling plaintiffs' application, and falsely advised plaintiffs that no documents had been submitted for review); *Rossetta*, 18 Cal. App. 5th at 632-35 (finding a duty existed where servicer encouraged borrower to default on loan to obtain a loan modification, allowed plaintiff to enter into a trial repayment plan then denied a permanent modification, informed her she had not submitted

_____

[7] The Court notes that Yadav-Ranjan once again attempts to add facts via an opposition brief. Dkt. No. 130 at 20. The Court reiterates that this is improper. *Schneider*, 151 F.3d at 1197 n.1

information that servicer had mishandled and that plaintiff had submitted, and generally strung plaintiff around for years in the hope of obtaining a loan modification).

The Court does not find that Rushmore, based on the interactions between Rushmore and Yadav-Ranjan, owed her a duty of care. This finding is consistent with the Court's earlier admonition that it would allow Yadav-Ranjan to add the negligence claim, but that it would likely dismiss it. *See* Dkt. No. 113 at 3. Moreover, Yadav-Ranjan has omitted any mention of resulting damages as a result of Rushmore's alleged negligence. *Hutchins*, 2017 WL 4224720, at *14. On that ground alone, the Court could dismiss this claim. The negligence claim against Rushmore is DISMISSED WITH PREJUDICE.

### 12. The Motion to Dismiss the UCL Claim for Unlawful Business Practices Against Rushmore and Wilmington is Denied.

Twelfth, Yadav-Ranjan brings a claim under the California UCL against Rushmore and Wilmington. Section 17200 prohibits "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. Yadav-Ranjan alleges that Rushmore and Wilmington engaged in unlawful practices. An unlawful business practice encompasses "anything that can properly be called a business practice and that at the same time is forbidden." *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999) (internal quotation marks omitted). Section 17200 "borrows violations of other laws and treats them as unlawful practices," and makes those legal violations "independently actionable." *Id.*

Here, the Court denied the motion to dismiss (1) the breach of contract claim against Rushmore, (2) the bid rigging claim against both Rushmore and Wilmington, (3) the FDCPA claim against Rushmore, (4) the cancellation claim against Wilmington, and (5) the California Homeowner Bill of Rights claim, Cal. Civ. Code § 2923.7, in its previous order against Rushmore and Wilmington. Dkt. No. 88 at 6-7. The motion to dismiss the UCL claim is DENIED.

### 13. The Motion to Dismiss the RFDCPA Claim is Denied.

Thirteenth, Yadav-Ranjan added a claim under the Rosenthal Fair Debt Collection

1   Practices Act (RFDCPA) to the Second Amended Complaint filed on April 13, 2018.

2   Rushmore objects to the addition of this claim because Yadav-Ranjan did not request the

3   Court's leave to add this claim in the motion for leave to file the Second Amended

4   Complaint filed on February 22, 2018.  Dkt. No. 98.

5       The original Second Amended Complaint did not include an RFDCPA claim.  *See*

6   *id.*  As Yadav-Ranjan points out in the operative Second Amended Complaint, *Ramirez v.*

7   *Cty. of San Bernardino*, is instructive.  806 F.3d 1002 (9th Cir. 2015).  In that case, similar

8   to here, the court did not allow amendment to the complaint as a matter of course.  *Id.* at

9   1004; Fed. R. Civ. P. 15(a)(1).  The plaintiff then filed a second amended complaint 21

10  days after filing the first amended complaint without leave of court, and the court

11  dismissed the complaint based on a pending motion to dismiss.  *Ramirez*, 806 F.3d at

12  1004.  The Ninth Circuit reversed, finding that Rule 15(a)(1) did not require the

13  amendment as a matter of course to precede "other amendments" under Rule 15(a)(2), and

14  that the second amended complaint was Ramirez's amendment "as a matter of course" in

15  that case.  *Id.* at 1007.

16      So too here.  Yadav-Ranjan is correct that the Court required that the First

17  Amended Complaint and the Second Amended Complaint be filed with leave of Court

18  under Rule 15(a)(2).  Dkt. Nos. 57; 88 at 16; 113.  The Court ordered that Yadav-Ranjan

19  file the Second Amended Complaint that did not include the RFDCPA claim on April 6,

20  2018, dkt. no. 113, and Yadav-Ranjan filed a Second Amended Complaint that included

21  the RFDCPA claim on April 13, 2018.  Dkt. No. 118.  While this case does not fall

22  squarely into Rule 15(a)(1), because Yadav-Ranjan never filed the Second Amended

23  Complaint that did not include the RFDCPA claim before amending it with the Second

24  Amended Complaint that did, the Court find that the spirit of Rule 15(a)(1)(a) is best

25  served by allowing the addition of the RFDCPA claim under that subsection.[8]  Moreover,

26

27  ────────────────
    [8] There is another wrinkle here because, as Rushmore point out, Yadav-Ranjan filed the
    earlier Second Amended Complaint on February 22, 2018.  The Court might have started

28  the clock on the 21 days under Rule 15(a)(1)(A) on February 22, but this issue was not
    briefed by Rushmore, and it is not for the Court to act as Rushmore's counsel.

the Court may also allow Yadav-Ranjan leave to add this claim under Rule 15(a)(2). Therefore, because Rushmore's motion to dismiss the RFDCPA claim is based only on the argument that the claim was added without leave of Court, and not based on the merits of that claim, the motion to dismiss the RFDCPA claim is DENIED.

## III. CONCLUSION

For the reasons stated above, the Court GRANTS in PART and DENIES in PART the motions to dismiss. The following claims remain live: (1) breach of contract against Rushmore; (2) California Homeowner Bill of Rights, Cal. Civ. Code § 2923.7; (3) bid rigging; (4) the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692f(6), 1692g; (5) the RESPA claim against Chase; (6) California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200; and (7) the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et. seq.*

Yadav-Ranjan may not further amend the complaint, and the Court will not consider any further motions to dismiss or motions for summary judgment. The parties are advised to prepare for trial.

**IT IS SO ORDERED.**

Dated: July 6, 2018        _____
NATHANAEL M. COUSINS
United States Magistrate Judge