UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANI YADAV-RANJAN,<br><br>Plaintiff,<br><br>v.<br><br>RUSHMORE LOAN MANAGEMENT SERVICES, LLC, and WILMINGTON SAVINGS FUND SOCIETY, FSB,<br><br>Defendants. | Case No. 17-cv-03939-NC<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

This mortgage foreclosure case arises out of a loan for $2,240,000 taken out in 2007 by plaintiff Yadav-Ranjan to refinance her family home in San Jose. After two rounds of amended complaints and motions to dismiss, the following claims remain: (1) breach of contract; (2) bid rigging; (3) the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692f(6), 1692g; (4) the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.*; (5) California Homeowner Bill of Rights, Cal. Civ. Code § 2923.7; and (6) California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200. Defendants Rushmore Loan Management Services, the servicer of the loan, and Wilmington Savings, the beneficiary under the Deed of Trust and possessor of the original Promissory Note on the loan, moved for summary judgment on all of these claims. For the reasons stated below, the Court GRANTS the defendants' motion.

## I. BACKGROUND

### A. Procedural History

Yadav-Ranjan filed this case in California Superior Court against Wilmington, Rushmore, J.P. Morgan Chase Bank, and Nationstar Mortgage, LLC in July 2017. Dkt. Nos. 1 & 2. The defendants then removed the case to federal court. Dkt. Nos. 1 & 2. Following motions to dismiss, Yadav-Ranjan was granted leave to file a First Amended Complaint, which she did in December 2017. Dkt. No. 68. The Court granted in part and denied in part another round of motions to dismiss in February 2018, again giving Yadav-Ranjan leave to amend the complaint. Dkt. No. 88. Defendant Nationstar Mortgage, LLC was voluntarily dismissed from the case in March 2018. Dkt. No. 106.

Yadav-Ranjan filed a Second Amended Complaint in April 2018. Dkt. No. 118. The Second Amended Complaint is the operative basis of this Order. The Second Amended Complaint included claims against unserved defendant Quality Loan Service Corporation. Dkt. No. 118. Following the Court's order to show cause why it should not strike this new unserved defendant, Quality Loan Service Corp. was voluntarily dismissed in June 2018. Dkt. Nos. 139 & 140.

Remaining defendants Rushmore, Wilmington, and J.P. Morgan Chase filed two motions to dismiss the Second Amended Complaint. Dkt. Nos. 123 & 125. The court granted in part and denied in part those motions in July 2018. Dkt. No. 145. Defendant J.P. Morgan Chase Bank was voluntarily dismissed in September 2018. Dkt. No. 168.

Remaining defendants Wilmington and Rushmore then filed a Motion for Summary Judgment on all remaining claims of the Second Amended Complaint. Dkt. No. 170. The following claims survived the Motions to Dismiss and are addressed in this Order: (1) breach of contract; (2) bid rigging; (3) the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692f(6), 1692g; (4) the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.*; (5) California Homeowner Bill of Rights, Cal. Civ. Code § 2923.7; and (6) California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200.

In addition to filing an Opposition and Reply to the Motion for Summary Judgment,

both parties filed numerous objections, errata, responses, and requests for judicial notice in connection with this Order. Dkts. No. 179, 183, 188, 194, 195, 196, 197, 198. The Court responds to these requests throughout this Order only insofar as it relies on the relevant evidence in deciding on the Motion.

In its Order on the Motions to Dismiss the Second Amended Complaint, this Court stated that the plaintiff was not permitted any further amendments. Dkt. No. 145 at 21. This Court has also previously instructed Yadav-Ranjan that adding facts via an opposition brief is improper. *See* Dkt. No. 145 at 18, n.7. New claims are not generally permitted at the summary judgment stage anyway. *See Pickern v. Pier 1 Imps.*, 457 F.3d 963, 969 (9th Cir. 2006). Therefore, any new claims, allegations, or facts that were submitted in the plaintiff's Opposition to the Motion for Summary Judgment have not been considered in the Court's rulings in this Order. The Court focuses this Order on the claims and evidence presented in the Second Amended Complaint.

All parties consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c). Dkt. Nos. 5, 16, 22, 26.

## B. Factual Findings

The Court makes the following relevant factual findings based on the evidence presented by the parties in connection with the Second Amended Complaint. Dkt. No. 118. The parties each presented objections to the evidence provided in support of the Motion, Opposition, and Reply. Insofar as it relies on that evidence in the foregoing factual findings, the Court hereby OVERRULES the plaintiff's objections to the Declarations of Brandon Kirkham and Bounlet Louvan and attached exhibits on the grounds that the defendants have properly laid foundation for those declarants' knowledge of the contents. The Court similarly OVERRULES the defendants' objections to the Declaration of Rani Yadav-Ranjan to the extent that she has personal knowledge of its contents.

### i. The Loan's Chain of Title and the 2013 Modification

Plaintiff Yadav-Ranjan refinanced her home with a $2,240,000 loan from

Washington Mutual in 2007. *See* Dkt. No. 187, Ex. 1 ¶¶ 5–10 (Yadav-Ranjan Decl.). When Washington Mutual was taken over by the FDIC in 2008, Yadav-Ranjan's loan was sold to Chase. *Id.* at 2; *see also* Dkt. No. 98 at 2. Yadav-Ranjan missed a few payments on her loan between 2007 and 2012, but also made at least one larger payment to help make up for the missed payments. *See* Yadav-Ranjan Decl. ¶¶ 38, 39; *see also* Dkt. No. 98 at 6.

In 2013, Chase offered and Yadav-Ranjan signed a loan modification agreement which increased the principal balance to $2,293,742.72 and fixed the interest rate at 4.125% annually. *See* Dkt. No. 187, Ex. B; *see also* Yadav-Ranjan Decl. ¶ 44. The modification also increased her monthly payments from $8,850.71 to $12,447.72. *See* Dkt. No. 98 ¶ 15. This Modification forms the basis for much of this Order. Yadav-Ranjan made a few payments under the 2013 Modification and then stopped; the September 2013 payment was due at the time of foreclosure in 2016. *Id.* at ¶ 23; *see also* Dkt. No. 170, Att. 3, Ex. 9 at 2.

In March 2014, a Substitution of Trustee was recorded naming Quality Loan Service Corporation as the Trustee. *See* Dkt. No. 170, Att. 3, Ex. 2. In July 2014, the loan's beneficial interest was transferred from Chase to U.S. Bank. *Id.* at Ex. 4. In November 2014, Quality recorded a Notice of Default and Election to Sell Under Deed of Trust due to Yadav-Ranjan's default. *Id.* at Ex. 9. The foreclosure sale was scheduled for December 10, 2014. *Id.* at Ex. 10.

**ii. Postponements of the Foreclosure Sale**

Yadav-Ranjan filed for bankruptcy on December 5, 2014. *See* Yadav-Ranjan Decl. ¶ 55; *see also* Dkt. No. 170 ¶ 13 (Kirkham Decl.). Therefore, the December 10 foreclosure sale was postponed. *Id.* The bankruptcy case was dismissed in February 2015. *Id.* Yadav-Ranjan filed for bankruptcy again on May 12, 2015. *Id.* at ¶ 14. That case was stayed until November 2016. *Id.*

Due to Yadav-Ranjan's bankruptcies, the foreclosure sale was postponed many times. *Id.* Whether notice was sent regarding these postponements is a key issue in this

4

1 Order. Yadav-Ranjan maintains that she did not receive notice of the postponed
2 foreclosure sales. Yadav-Ranjan Decl. ¶¶ 53–54. Defendants claim to have mailed
3 Yadav-Ranjan 10 notices of postponement. *See* Dkt. No. 170, Att. 4, Exs. 12, 14, 16, 18,
4 20, 22, 24, 26, 28, 30. Additionally, defendants state that the postponements were
5 recorded via posts on a bulletin board at the Santa Clara City Library, publication in the
6 San Jose Post-Record, and announced by oral proclamation. *See id.*, Exs. 10, 12, 14, 16,
7 18, 20, 22, 24, 26, 28, 30.

### iii. Final Foreclosure Sale and Conveyance of Property to Wilmington

In July 2015, the loan's beneficial interest was transferred from U.S. Bank to Wilmington Savings Fund Society. *See* Dkt. No. 170, Att. 3, Ex. 5. Rushmore is Wilmington's loan servicer. *Id.*, ¶ 17. In October 2015, Quality recorded another Notice of Default and Election to Sell Under Deed of Trust due to Yadav-Ranjan's default. *See* Kirkham Dec. ¶ 11, Ex. 9.

In September 2016, Rushmore sent Yadav-Ranjan a letter offering a review for loss mitigation and including a Borrower Assistance application. *Id.*, Ex. 12. One week later it also sent a letter outlining foreclosure prevention options. *Id.*, Ex. 13. The second letter identified a single point of contact with whom Yadav-Ranjan could discuss loss mitigation. *Id.* Yadav-Ranjan neither returned the application nor requested modification. *Id.*, Exs. 14 & 15.

After relief from the stay was granted in Yadav-Ranjan's second bankruptcy case in November 2016, Rushmore instructed Quality to record a new Notice of Sale against the property. *Id.* ¶ 18. A new foreclosure auction was scheduled for December 28, 2016. *Id.* Rushmore alleges that its representative spoke with Yadav-Ranjan on December 19, 2016, to confirm this date. *Id.* ¶ 19. Yadav-Ranjan also acknowledges that she received the Notice of Sale a day or so before the sale. *See* Dkt. No. 170, Att. 7, Ex. 2, ¶ 13. The property was sold at the December 28, 2016, public auction and conveyed to Wilmington. *See* Dkt. No. 170, Att. 3, Ex. 17.

## II. LEGAL STANDARD

Summary judgment may be granted only when, drawing all inferences and resolving all doubts in favor of the nonmoving party, there is no genuine dispute as to any material fact. Fed. R. Civ. P. 56(a); *Tolan v. Cotton*, 134 S. Ct. 1861, 1863 (2014); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material when, under governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Bald assertions that genuine issues of material fact exist are insufficient. *Galen v. Cnty. of L.A.*, 477 F.3d 652, 658 (9th Cir. 2007).

The moving party bears the burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings, and, by its own affidavits or discovery, set forth specific facts showing that a genuine issue of fact exists for trial. Fed. R. Civ. P. 56(c); *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1004 (9th Cir. 1990) (citing *Steckl v. Motorola, Inc.*, 703 F.2d 392, 393 (9th Cir. 1983)). All justifiable inferences, however, must be drawn in the light most favorable to the nonmoving party. *Tolan*, 134 S. Ct. at 1863 (citing *Liberty Lobby*, 477 U.S. at 255).

## III. DISCUSSION

### A. Grounds for Ms. Yadav-Ranjan's Remaining Claims

Following the Order on the Motion to Dismiss, Yadav-Ranjan's remaining claims are: (1) breach of contract; (2) bid rigging; (3) the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692f(6), 1692g; (4) the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.*; (5) California Homeowner Bill of Rights, Cal. Civ. Code § 2923.7; and (6) California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200.

The breach of contract and FDCPA claims survived the Motion to Dismiss based on Yadav-Ranjan's allegation that her loan was not in default at the time of the foreclosure

sale. Dkt. No. 145 at 6 & 12. The FDCPA claim also survived based on the plaintiff's allegation that Rushmore did not provide notice of its servicing change. *Id*. at 12. The bid rigging claim survived the Motion to Dismiss based on Yadav-Ranjan's allegation that she did not receive notice of the postponements of the foreclosure sale and, again, her allegation that the loan was not in default. *Id*. at 9–10. The California Homeowner Bill of Rights claim survived only as to § 2923.7 based on Yadav-Ranjan's allegation that Rushmore did not provide a single point of contact for her loan modification. *See* Dkt. No. 88 at 6; *see also* Dkt. No. 145 at 7. The Rosenthal Act claim again relies on plaintiff's allegations that she was not in default on her loan, that she did not receive notice of the servicing change, and that she did not receive notices of the postponements. *See* Dkt. No. 98 at 34–36. The Unfair Competition claim is tethered to the breach of contract, bid rigging, FDCPA and HBOR claims. Dkt. No. 145 at 19.

Because the claims that remain all center around a handful of issues, the Court discusses those issues in turn and then proceeds to apply them to each claim.

**B. Yadav-Ranjan Defaulted on Her Loan**

Yadav-Ranjan's breach of contract, FDCPA, bid rigging, and Rosenthal Act claims all rely at least in part on her allegation that her loan was not in default at the time of the foreclosure sale. However, Yadav-Ranjan has not presented any evidence to create a genuine issue of material fact as to whether she had defaulted on her loan at the time of the December 2016 foreclosure.

**i. The 2013 Modification was Valid and Enforceable**

In her Opposition to the Motion for Summary Judgment, Yadav-Ranjan claims for the first time that the 2013 loan modification was invalid. *See* Dkt. No. 187 at 6. She argues that Chase "had no legal authority" to act as the Beneficiary of the Deed of Trust or to execute a modification of her loan. *See* Dkt. No. 187 at 6, 13. The Second Amended Complaint, in contrast, alleged that Chase was the owner and servicer of Yadav-Ranjan's loan when the modification was executed in 2013. *See* Dkt. No. 98 at 2–3, 8–9, 12, 13, 14, 17–18, 27–28. Thus, Chase would have the legal authority to execute the modification.

7

It appears that Yadav-Ranjan makes this new argument because if this Court finds that the 2013 Modification is unenforceable, Yadav-Ranjan may have a stronger case that she did not default on the loan when she stopped making payments around the time that the modification was executed. The Court does not so find. The undisputed evidence presented in connection with the Second Amended Complaint is clear that the 2013 Modification was valid and enforceable.

### ii. Default under the 2013 Modification

Yadav-Ranjan argues that she was not in default under the terms of her original loan's TILA Disclosure Agreement. *See* Dkt. No. 187 at 7. Specifically, she claims that she had paid slightly more in total than what the TILA Disclosure Statement required under the terms of the first 60 months ($562,025.96, more than the $557,477.45 minimum). *Id.* But the TILA Disclosure Statement is not the applicable contract here. Rather, the 2013 Modification controls.

Ms. Yadav-Ranjan states that she made a few payments under the 2013 Modification, after having already missed a few payments on the loan prior to that time. *See* Learned Decl., Ex. 3, p. 38–39. She also states that she never made a payment to either Rushmore or Wilmington, who were the beneficial interest holder and servicer on the loan beginning in July 2015. *See id.*, Att. 3, Ex. 5. Defendants have provided evidence in the form of the Notice of Default and Election to Sell Under Deed of Trust that Yadav-Ranjan owed $107,884.64 on the loan and that the September 2013 payment was still due as of March 2014. *See* Dkt. No. 171, Ex. F.[1]

Yadav-Ranjan has provided no evidence to the contrary. Her own accounting of payments made on the loan stops abruptly in July 2013. *See* Dkt. No. 187, Ex. B. The facts presented by Yadav-Ranjan corroborate, rather than create a dispute with, the

---

[1] The Court takes judicial notice of this document as the Notice of Default and Election to Sell Under Deed of Trust recorded with the Santa Clara County Recorder's Office on March 27, 2014 as Instrument Number 22553812. The plaintiff's objection to this request for judicial notice is overruled because the plaintiff has failed to articulate any cognizable basis for the objection and because Exhibit F is judicially recognizable as a public record under FRE 201.

8

evidence presented by the defendants. The undisputed fact is that Ms. Yadav-Ranjan owed over $100,000 and had not made a payment in over three years at the time of the December 2016 foreclosure. In short, the loan was in default.

### C. Notice of Servicing Change

Yadav-Ranjan's Rosenthal Act and FDCPA claims rely in part on her allegation that she did not receive notice of the servicing change. *See* Dkt. No. 98 at 34–36. However, Yadav-Ranjan has not presented any evidence to create a genuine issue of material fact as to the notice of the servicing change.

As the Court stated in its Motion to Dismiss, 15 U.S.C. § 1692a(6) does not appear to require written notice of the debt upon assignment as a servicer. Dkt. No. 145 at 12. Nonetheless, Defendants have presented evidence that Yadav-Ranjan was in fact provided with written notice of the servicing transfer to Rushmore. *See* Kirkham Decl. ¶ 9, Ex. 7. Yadav-Ranjan did not address this evidence in her Opposition. Therefore, Yadav-Ranjan appears to concede that this notice was sent.

### D. Notice of Postponements

Yadav-Ranjan's bid rigging and Rosenthal Act claims rely in part on her allegation that she did not receive notice of the foreclosure sale postponements. However, Yadav-Ranjan has not presented any evidence to create a genuine dispute of material fact as to the mailing of the notices.

Defendants have provided evidence that written notice of every postponement was mailed to Ms. Yadav-Ranjan, as well as evidence that the postponements were announced via a bulletin board, a local newspaper, and oral proclamation. *See* Dkt. No. 170, Att. 4, Exs. 10, 12, 14, 16, 18, 20, 22, 24, 26, 28, 30. The notices were sent via first class and certified mail. *Id*. Yadav-Ranjan does not dispute that these notices were mailed; she only claims that she did not receive them. *See* Dkt. No. 187 at 7, 8, 9; *see also* Yadav-Ranjan Decl. at ¶ 53. The Court thus finds that the notices were sent.

Importantly, 15 U.S.C. § 1692g(a) does not require that a debt collector ensure that a notice is received. Instead, § 1692g(a) "explicitly states that a Notice must be sent . . .

*nowhere does the statue require receipt*" of a mailed notice. *Mahon v. Credit Bureau of Placer County Inc.*, 171 F.3d 1197, 1201–02 (9th Cir. 1999) (emphasis in original). Likewise, Cal. Civ. Code § 2924(a)(5) requires that notice be sent any time a sale of property is postponed for a period of at least ten business days. This statute similarly makes no mention of the sender's responsibility to ensure that the mailed notice is in fact received. *See* Civ. Code § 2924(a)(5).

Here, there is no dispute as to the fact that the notices were sent. Whether they were received is immaterial.

### E. Summary Judgment is Granted on All Claims

#### i. Breach of Contract (against Rushmore)

The elements of a breach of contract claim are: (1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) resulting damages to the plaintiff. *See Reichert v. Gen. Ins. Co. of Am.*, 68 Cal. 2d 833, 830 (1968).

Here, Yadav-Ranjan claims that her contract with Rushmore was breached when Rushmore recorded notice of a default when Yadav-Ranjan was not actually in default on her loan. However, as discussed above, the Court finds that no genuine issue of material fact exists regarding the status of Yadav-Ranjan's loan. Under the 2013 Modification, Yadav-Ranjan was in default. Therefore the Court GRANTS summary judgment to Rushmore on the breach of contract claim.

#### ii. Bid Rigging (against Wilmington and Rushmore)

Bid rigging is statutorily based on California Civil Code § 2924h(g)(2), which states that it is unlawful to "fix or restrain bidding in any manner, at a sale of property conducted pursuant to a power of sale in a deed of trust or mortgage." Section 2924(a)(5) requires written notice when a sale is postponed for at least 10 days.

Yadav-Ranjan's bid rigging claim essentially alleges that the defendants manipulated the foreclosure sale scheduling in order to prevent her from knowing when to "bring her funds to the courthouse steps" to buy her house. Dkt. No. 187 at 9. However, as discussed above, there exists no genuine dispute as to the fact that the notices of

10

1 postponement were mailed to Yadav-Ranjan. Therefore the Court GRANTS summary judgment to Wilmington and Rushmore on the bid rigging claim.

### iii. FDCPA (against Rushmore)

A claim under the FDCPA must include allegations that (1) the plaintiff is a "consumer" under 15 U.S.C. § 1692a(3); (2) the debt arises out of a transaction entered into for personal purposes; (2) the defendant is a "debt collector" under § 1692a(6); and (4) the defendant violated a provision within §§ 1692a–o. *See Martinez v. Trinity Fin. Servs., LLC*, No. 17-cv-03612 LB, WL 4071386, at *3 (N.D. Cal. Sept. 14, 2017); *see also Wheeler v. Premiere Credit of N. Am., LLC*, 80 F. Supp. 3d 1108, 1112 (S.D. Cal. 2015).

The Second Amended Complaint alleges violations of §§ 1692f(6) and g. Section 1692f(6) provides that a debt collector may not "use unfair or unconscionable means to collect or attempt to collect any debt," defined as taking nonjudicial action to affect dispossession of property if there is no present right to possession of it. This section applies to security enforcers in non-judicial mortgage foreclosures. *Dowers v. Nationstar Mortg., LLC*, 852 F.3d 964, 970 (9th Cir. 2017). Section 1692g requires generally that debt collectors communicate information about the debt to the consumer. Yadav-Ranjan does not specify which provision of this section the defendants violated.

Yadav-Ranjan's FDCPA claim is that Rushmore violated § 1692f(6) when it sold her property when her loan was not in default. Dkt. No. 118 at 24. She alleges that Rushmore violated § 1692g was violated when it did not provide notice of the debt being assigned. Dkt. No. 118 at 24. As discussed above, the Court finds that no genuine issue of material fact exists regarding the status of Yadav-Ranjan's loan. Under the 2013 Modification, Yadav-Ranjan was in default. Additionally, as discussed above, the Court finds that no genuine dispute of material fact exists regarding the notice that Rushmore sent Yadav-Ranjan upon its being assigned the servicer of the loan. Therefore the Court GRANTS summary judgment to Rushmore on the FDCPA claim.

### iv. Rosenthal Act (against Rushmore)

The Rosenthal Act requires that debt collectors comply with the provisions of the

FDCPA. *See* Cal. Civ. Code § 1788.17. It applies to mortgage servicers. *See Davidson v. Seterus, et al.*, 21 Cal. App. 5th 283, 301 (2018).

As with the FDCPA claim, Yadav-Ranjan's Rosenthal Act claim is based on her allegation that her loan was not in default and on the alleged lack of notice of the debt's assignment to Rushmore. As above, the Court has found that no genuine issues of material fact exist as to either basis – the loan was in default, and the notice was sent. Therefore the Court GRANTS summary judgment to Rushmore on the Rosenthal Act claim.

### v. California Homeowner Bill of Rights (against Wilmington and Rushmore)

California's Homeowner Bill of Rights requires that a servicer respond to a borrower's request for a foreclosure alternative by providing a single point of contact with whom the borrower can communicate about foreclosure prevention. Cal. Civ. Code § 2923.7(a). That point of contact must remain assigned to the borrower until all options are exhausted or the account becomes current. Cal. Civ. Code § 2923.7(c).

Yadav-Ranjan claims that Rushmore and Wilmington failed to provide her with a single point of contact. Dkt. No. 98 at 16–17. Defendants provided evidence that on September 28, 2016, Rushmore sent a letter to Yadav-Ranjan identifying John Torres as her single point of contact to discuss loss mitigation. *See* Kirkham Decl. ¶ 16, Ex. 3. Yadav-Ranjan did not respond to this claim at all in her Opposition, and so she fails to present any evidence to create a genuine dispute of material fact as the appointment of a single point of contact. Therefore the Court GRANTS summary judgment to Wilmington and Rushmore on the HBOR claim.

### vi. California Unfair Competition Law (against Wilmington and Rushmore)

California's Unfair Competition Law prohibits "any unlawful, unfair, or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. A claim under the UCL must plead either an unlawful, unfair, or fraudulent business practice. *Id.* Here, Yadav-Ranjan's UCL claim alleges "unlawful" practices. An unlawful business practice can include "anything that can be properly called a business practice and that at the same time is forbidden." *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163,

1 | 180 (1999). Acts which are "forbidden" are simply violations of other laws. *Id.*

Here, Yadav-Ranjan has not alleged any unfair or fraudulent business practices under those two theories of the UCL. Yadav-Ranjan's UCL claim is based upon the unlawful business practices that she alleges in her breach of contract, bid rigging, FDCPA and HBOR claims. Dkt. No. 145 at 19. As the Court has granted summary judgment to the defendants on all of those claims in this Order, it also GRANTS summary judgment to Wilmington and Rushmore on the UCL claim.

## IV. CONCLUSION

The Court finds that no genuine disputes of material fact exist. For the reasons stated above, the Court GRANTS summary judgment to Wilmington and Rushmore on all claims.

**IT IS SO ORDERED.**

Dated: October 30, 2018

_____
NATHANAEL M. COUSINS
United States Magistrate Judge